**Bulmaro DUQUE–BAILON, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–74443.

Agency No. A77–208–336.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 8, 2003.*

Decided Dec. 18, 2003.

Tifany E. Markee, Law Offices of Milner & Markee, LLP, San Diego, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, District Director, Office of the District Counsel, Department of Homeland Security, Executive Office of Immigration Review, Office of Immigration Judge, San Diego, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, David J. Kline, Esq., Huge G. Mullane, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before GOODWIN, WALLACE, and TROTT, Circuit Judges.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

## MEMORANDUM**

Bulmaro Duque–Bailon, native and citizen of Mexico, petitions for review of the decision of Board of Immigration Appeals ("BIA") denying his motion to reopen removal proceedings. We dismiss the petition for lack of jurisdiction.

Duque–Bailon filed a motion to reopen with the BIA arguing ineffective assistance of prior counsel. The BIA denied petitioner's motion to reopen both because it was untimely and because petitioners could not show "exceptional and extremely unusual hardship," and thus could not show prima facie eligibility for cancellation of removal. We lack jurisdiction to review the BIA's denial because it ultimately rests on the discretionary determination that petitioners failed to satisfy the "exceptional and extremely unusual hardship" requirement. *See Falcon Carriche v. Ashcroft,* 350 F.3d 845, 855 (9th Cir.2003); *Romero–Torres v. Ashcroft,* 327 F.3d 887, 892 (9th Cir.2003).

PETITION FOR REVIEW DISMISSED.

---

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.